# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JUAN ESCOBEDO, individually and on behalf of all others similarly situated, | ) ) ) | No. |
| Plaintiff, | ) ) | |
| v. | ) ) | CLASS ACTION COMPLAINT |
| AMERICAN TIRE DISTRIBUTORS, INC., | ) ) ) | (Jury Trial Demanded) |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Juan Escobedo, on behalf of himself and all others similarly situated, complains against American Tire Distributors, Inc., as follows:

### Introduction

1.      Juan Escobedo ("Escobedo") brings this class action for monetary damages and other relief on behalf of all persons whose rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3), were violated by Defendant, American Tire Distributors, Inc. ("ATD"), on or after November 26, 2010. ATD took adverse action against Escobedo based on a criminal background check report procured for employment purposes without first providing Escobedo: (a) a pre-adverse action disclosure that included a copy of Escobedo's consumer report, (b) a description in writing of Escobedo's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information. Criminal background check reports that employers obtain from consumer reporting agencies are considered consumer reports for purposes of the FCRA. 15 U.S.C. § 1681(d).

## Parties

2.     Escobedo is a resident of the Northern District of Illinois and Cook County.  He is a consumer as that term is defined by FCRA.  15 U.S.C. § 1681a(c).

3.     Defendant ATD is a Delaware corporation with its principal place of business in Huntersville, North Carolina.  ATD sells and distributes tires, wheels, and other supplies to retailers through distribution centers in 41 states. At all relevant times, ATD has been a "person" within the meaning of the Fair Credit Reporting Act.  15 U.S.C. § 1681a(b).

## Jurisdiction and Venue

4.     The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.     Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## Factual Allegations

6.     In April 2012, Escobedo applied for employment with ATD.

7.     In August 2012, ATD procured a consumer report about Escobedo for employment purposes from a company named HireRight, Inc., to evaluate whether Escobedo's criminal record prevented him from working for ATD.

8.     Before it procured the consumer report, ATD certified to HireRight that it would provide a copy of the report to Escobedo if it used the consumer report to deny him employment. *See* 15 U.S.C. § 1681b(b)(1).

9.     The HireRight consumer report revealed criminal record information about Escobedo.

2

10.     In August 2012, ATD took adverse action against Escobedo based in whole or in part on the consumer report that it procured from HireRight.

11.     ATD informed Escobedo that he was not eligible to work for ATD because of information received from HireRight.

12.     Before ATD took adverse action against Escobedo, it did not provide him a copy of the HireRight consumer report, a description in writing of his rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the HireRight consumer report.

13.     After ATD rejected Escobedo for employment based on a consumer report, Escobedo requested a copy of his consumer report from ATD, but a manager informed him that the company could not provide him a copy of the report.

14.     By taking adverse action against Escobedo based on a consumer report without first providing him a copy of his consumer report, a description in writing of his rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the consumer report, ATD acted in reckless disregard of Escobedo's FCRA rights.

15.     In August 2012, ATD had a practice or policy of taking adverse action against job applicants based on consumer reports without first providing them a copy of their consumer report, a description in writing of their rights under the FCRA, and an opportunity to dispute the accuracy of the information contained in their consumer report.

**Fair Credit Reporting Act Requirements**

16.     Under the FCRA, before a company takes adverse action against a consumer based on information contained in a consumer report obtained for employment purposes, the company must first provide the consumer: (a) a pre-adverse action disclosure that includes a

copy of the individual's consumer report; (b) a description in writing of the individual's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information. 15 U.S.C. § 1681b(b)(3).

17.     Pursuant to the FCRA, a criminal background check report that is obtained for employment purposes is considered a consumer report.  *See* 15 U.S.C. § 1681a(d).  Pursuant to the FCRA, an "adverse action" includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k).

18.     On information and belief, ATD has a policy and practice of requesting that HireRight and other consumer reporting agencies provide it with consumer reports for employment purposes and of taking adverse employment action based on information contained in those consumer reports without first providing consumers: (a) a pre-adverse action disclosure that includes a copy of the individual's consumer report; (b) a description in writing of the individual's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

## Class Action Allegations

19.     Escobedo brings this lawsuit pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all other individuals who, on or after November 26, 2010, suffered adverse action based in whole or in part on information contained in consumer reports that ATD obtained for employment purposes.

20.     The class defined above satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.  The class is so numerous and

geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.

21.     Common questions of law and fact predominate over individual issues affecting only individual class members.  The common questions of law and fact include, among others, the following:

a.      whether ATD failed to provide class members with a pre-adverse action disclosure containing a copy of the employee's consumer report that ATD obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA;

b.      whether ATD failed to provide class members with a pre-adverse action opportunity to dispute the accuracy of the reported information;

c.      whether ATD's actions as described above constitute violations of the FCRA;

d.      whether ATD's actions were willful; and

e.      whether ATD engaged in a policy or practice of taking adverse action against consumers based on consumer reports without first providing class members with a pre-adverse action disclosure containing a copy of the consumer report and a description in writing of the consumer's rights under the FCRA.

22.     Escobedo will fairly and adequately protect the interests of all class members. Escobedo is a member of the class, and his claims are typical of the claims of all class members. Escobedo's interest in obtaining monetary relief for ATD's violations of the class members' rights are consistent with and are not antagonistic to those of any person within the class. Escobedo has retained counsel competent and experienced in complex and class action litigation, including FCRA class action litigation.

23.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it will:

a.      avoid the heavy burden of multiple, duplicative suits;

b.      avoid the virtually impossible task of getting all class members to intervene as party-plaintiffs in this action;

5

c.     allow the Court, upon adjudication of defendant's liability, to determine the claims of all class members; and

d.     allow the Court to enter appropriate final monetary relief with respect to the class as a whole.

## Count One – ATD's FCRA violations

24.     Plaintiff realleges and incorporates by reference paragraphs 1-23 of this Complaint as if fully set forth herein.

25.     ATD willfully failed to provide Escobedo and members of the plaintiff class, as required by 15 U.S.C. § 1681b(b)(3), (a) a pre-adverse action disclosure containing a copy of the their consumer reports; (b) a description in writing of their rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

26.     ATD's willful violations of 15 U.S.C. § 1681b(b)(3) have caused damages to Escobedo and members of the plaintiff class for which damages ATD is liable under 15 U.S.C. § 1681n.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests, on behalf of himself and the class he seeks to represent, that this Court:

A.     Certify this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed plaintiff class and designate Escobedo representative of the class and his counsel of record as class counsel;

B.     Award statutory and punitive damages against Defendant to Plaintiff and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's failure to provide them a copy of their consumer reports before taking adverse action against them based in whole or in part on consumer reports.

C.      Award statutory and punitive damages against Defendant to Plaintiff and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's failure to provide them a summary of their FCRA rights before taking adverse action against them based in whole or in part on consumer reports.

D.      Award Plaintiff and members of the plaintiff class their attorneys' fees pursuant to 15 U.S.C. § 1681n;

E.      Award Plaintiff and members of the plaintiff class their costs pursuant to 28 U.S.C. § 1920; and

F.      Grant all such additional relief as the Court deems appropriate.

## **Jury Demand**

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

DATED:  November 26, 2012

Respectfully submitted,

s/ Christopher J. Wilmes
One of the Attorneys for Plaintiff

Matthew J. Piers (IL Bar # 2206161)
Christopher J.  Wilmes (IL Bar # 6287688)
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100