**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUAN ESCOBEDO, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | No. 12-CV-9393 |
| v. ) ) | Mag. Judge Michael T. Mason |
| AMERICAN TIRE DISTRIBUTORS, INC., ) ) | |
| Defendant. ) | |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE

Plaintiff Juan Escobedo and Defendant American Tire Distributors, Inc. ("American Tire Distributors") have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiff has filed an unopposed motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiff's motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. Pursuant to the Court's June 7, 2013 Order, the Court defines the Settlement Class as follows:

> employees or job applicants who applied to work for or who worked for American Tire Distributors, Inc. during the time frame of November 26, 2010 to November 26, 2012 and who are identified in the class list attached as Exhibit B to the Parties' Settlement Agreement. These individuals worked for or applied to work for American Tire Distributors, Inc. during the Covered Period and may have suffered an adverse action based upon information obtained in a consumer report.

2. The Court finds that Simpluris, Inc. ("Simpluris"), the appointed Settlement Administrator, has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice and verifying addresses

of Class Members whose notices were returned as undeliverable. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court finds that Defendant has met all the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

5. The Court hereby dismisses this case with prejudice against Defendant. All Class Members herein release and discharge Defendant and the other Released Parties identified in the Parties' Settlement Agreement from claims arising out of American Tire Distributor's failure to provide Class Members a copy of their consumer report and a summary of their rights under the Fair Credit Reporting Act, and occurring between November 26, 2010 and November 26, 2012.

6. Without affecting the finality of this order, this Court hereby retains continuing jurisdiction over the implementation of this Settlement Agreement and any award or distribution of the Qualified Settlement Fund ("QSF"), including interest earned thereon.

7. The Court directs payment to Juan Escobedo a sum of $500.00 over and above the amount that he is entitled to by virtue of his status as a Class Member. This payment shall occur no later than fourteen days after the Settlement Effective Date.[1]

8. The Court directs payment to Class Counsel a total sum of $42,000.00, which amounts to 30% of the common fund created by the Settlement Agreement. The Court finds that

---

[1] Settlement Effective Date means the first day following the last of the following occurrences: (a) thirty (30) days after the issuance of the Court's Final Approval Order; or (b) if an appeal of the Final Approval Order has been timely filed, the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

this award of attorneys' fees, costs, and expenses fairly represents the market rate of Plaintiff's attorneys services, had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than fourteen days after the Settlement Effective Date.

9. The Court directs payment of $5,000.00 to Simpluris for work performed as Settlement Administrator. This payment shall occur no later than fourteen days after the Settlement Effective Date.

10. The Court directs Simpluris to issue checks in an amount of $1,000, as provided in the Settlement Agreement, to all Class Members who returned valid and timely claim forms. This payment shall occur no later than fourteen days after the Settlement Effective Date.

ENTERED:

_____
Michael T. Mason
U.S. Magistrate Judge

Dated: September 19, 2013

3